Ed Brenner v. United States (No. 3578)[1]

United States Court of Customs and Patent Appeals, January 3, 1933

*Walden & Webster* (*Walter F. Welch* and *Edward F. Jordan* of counsel) for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*William Whynman*, special attorney, of counsel), for the United States.

[1] T. D. 46134.

[Oral argument December 9, 1932, by Mr. Jordan and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This appeal involves the classification of certain merchandise consisting of lily buds, imported at the port of New York in 1930, prior to the enactment of the Tariff Act of 1930.

The collector classified the merchandise and assessed it for duty as cut flowers at 40 per centum ad valorem under paragraph 751 of the Tariff Act of 1922. The importer duly filed protest, claiming the merchandise to be dutiable at 25 per centum ad valorem under paragraph 752 of said act, or free under paragraph 1622, or dutiable at 10 per centum or 20 per centum ad valorem under paragraph 1459.

The lower court sustained the action of the collector and entered judgment accordingly. From such judgment this appeal is taken.

It appears that the claim for classification under paragraph 752 of the Tariff Act of 1922 was abandoned in the court below. The competing paragraphs of said act read as follows:

PAR. 751. Tulip, lily, and narcissus bulbs, and lily of the valley pips, $2 per thousand; hyacinth bulbs, $4 per thousand; crocus bulbs, $1 per thousand; all other bulbs and roots, root stocks, clumps, corms, tubers, and herbaceous perennials, imported for horticultural purposes, 30 per centum ad valorem; cut flowers, fresh or preserved, 40 per centum ad valorem.

PAR. 1459. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

PAR. 1622. Moss, seaweeds, and vegetable substances, crude or unmanufactured, not specially provided for.

Upon the trial in the court below both parties took testimony. From such testimony it appears that the lily buds in question were cut or pinched from the plant and imported under dry refrigeration in boxes containing from 42 to 100 buds per box, depending on the size and length of the stem. After importation they are sold to retail florists who, when they desire to use them commercially, place the buds in warm water within a warm room where, after the expiration of about a day, the buds unfold and the full blossoms appear. The merchandise is used chiefly in the making of funeral pieces but is also used for table ornamentation and otherwise.

The only question presented to us for determination is whether or not the lower court erred in holding that the lily buds in question are classifiable as cut flowers under the provisions of said paragraph 751, and, if not so classifiable, whether they are classifiable under paragraph 1459 as nonenumerated unmanufactured articles or nonenumerated manufactured articles at 10 or 20 per centum ad valorem, respectively, or entitled to free entry under paragraph 1622.

In the opinion of the lower court, by Evans, Judge, we find the following:

> The evidence clearly shows that as imported they are lily buds that have been either cut or pinched from the stems of growing lilies. They are used as any other cut flowers are used. They are sold by florists and are none the less flowers because they are brought in as buds. One would not say that rosebuds taken in the same manner were not cut flowers. We do not think the testimony supports the contention either that these lily buds are crude vegetable substances or unenumerated manufactured articles. We sustain the classification of the collector that they were cut flowers, fresh or preserved.

We are in full accord with the view of the lower court above quoted. It is a matter of common knowledge that florists very frequently sell buds of various flowers, in which the petals have been fully formed but have not unfolded; the purchaser afterwards places them in water, whereupon the unfolding takes place in much the same manner as the evidence shows with respect to the imported merchandise. The testimony indicates that in the buds in question the petals and other parts of the flower were fully formed upon importation and required only that they be placed in water for the requisite period to bring them to a state of full bloom.

Congress no doubt had in mind the practice above referred to when it enacted the "cut flowers" provision of said paragraph 751. Furthermore, it is not reasonable to suppose that Congress intended that such flowers as were still in the form of buds, but actually fully formed and requiring only their being placed in water for a relatively short space of time to bring them to full bloom, should be excluded from said paragraph 751.

Appellant points out that, in paragraph 34 of the Tariff Act of 1922, relating to dutiable drugs, and also in paragraph 1567, relating to drugs on the free list, buds and flowers are separately named, while in paragraph 751 only flowers are named; appellant therefore argues that said paragraph 751 should not be construed as including buds of the character of those here in question within the term "cut flowers." The answer to this contention is that in the drug paragraphs referred to Congress clearly sought to include, and did include, certain buds used for drugs, which buds never reach a flowering stage, and which for this reason the term "flowers" could not include.

We find no error in the judgment of the court below and it is *affirmed.*